**Venus MANDLEY et al.,
Plaintiffs–Appellants,**

v.

**Arthur F. QUERN et al.,
Defendants–Appellees.**

**No. 79–2091.**

United States Court of Appeals,
Seventh Circuit.

Argued April 30, 1980.
Decided Dec. 24, 1980.

Stephen G. Seliger, Chicago, Ill., for plaintiffs–appellants.

Ellen Brewin, Sp. Asst. Atty. Gen., Chicago, Ill., for defendants–appellees.

Before CUMMINGS and BAUER, Circuit Judges, and EAST, Senior District Judge.*

PER CURIAM.

Plaintiff representatives of the class of persons receiving aid under Illinois' Aid to Families with Dependent Children program argue in this, the third appeal to this Court arising out of this litigation,[1] that the Illinois AFDC program's special needs provi-

---

\* The Honorable William G. East, Senior Judge of the United States District Court for the District of Oregon, is sitting by designation.

1. For the history of this litigation, see *Mandley v. Trainor*, 523 F.2d 415 (7th Cir. 1975) (*Mand-* *ley I*); *Mandley v. Trainor*, 545 F.2d 1062 (7th Cir. 1976) (*Mandley II*), *rev'd and remanded sub nom. Quern v. Mandley*, 436 U.S. 725, 98 S.Ct. 2068, 56 L.Ed.2d 658 (1978).

sions [2] violate the Fourteenth Amendment equal protection clause and that federal law requires disbursement of aid under those provisions to be made "forthwith." Defendants are the Illinois Department of Public Aid (IDPA), its director, and the United States Department of Health, Education and Welfare, which approves and administers federal funding to state AFDC programs.[3]

The district court found the special needs provisions to be constitutional and rejected the contention that they must be administered so as to grant special needs aid "forthwith." We affirm.

## I.

■ The special needs provisions at issue provide for assistance both to AFDC families who are or may be deprived of shelter due to damage to their dwelling and to presumptively eligible AFDC families in need of clothing, shelter, or household goods. Plaintiffs argue that the provisions should also have covered families placed in need due to theft of cash, eviction for non-payment of rent, termination of utility services, or loss or delay of AFDC checks.

Plaintiffs first assert that the special needs provisions burden a fundamental "right to survive" without compelling justification. There is no constitutional right to obtain welfare from government. *Lavine v. Milne*, 424 U.S. 577, 584, n.9, 96 S.Ct. 1010, 1015 n.9 47 L.Ed.2d 249 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 771–72, 95 S.Ct. 2457, 2469–2470, 45 L.Ed.2d 522 (1975).

Plaintiffs next argue that the provisions create an arbitrary classification or are otherwise contrary to the equal protection of the laws. The provisions need merely be rational to be constitutional. *Califano v. Aznavorian*, 439 U.S. 170, 174–75, 99 S.Ct. 471, 473–474, 58 L.Ed.2d 435 (1978); *Jefferson v. Hackney*, 406 U.S. 535, 546, 92 S.Ct. 1724, 1731, 32 L.Ed.2d 285 (1972); *Dan-*

*dridge v. Williams*, 397 U.S. 471, 485–86, 90 S.Ct. 1153, 1161–1162, 25 L.Ed.2d 491 (1970). We find them to be rational. Loss due to theft of cash is not covered because it is often impossible to verify. Loss due to non–payment of rent or utility bills is excluded because those payments are to be made from the family's basic AFDC check and not from a special needs grant. Loss due to delayed or lost AFDC checks is covered elsewhere in the Illinois AFDC program. Other special needs are not covered because Illinois desires to apportion its welfare budget so that grants actually made will be sufficient to alleviate the need for which they are given. *See Quern v. Mandley*, 436 U.S. 725, 746, 98 S.Ct. 2068, 2080, 56 L.Ed.2d 658 (1978); *cf. Dandridge v. Williams*, 397 U.S. 471, 479–80, 90 S.Ct. 1153, 1158–1159, 25 L.Ed.2d 491 (1970). Accordingly, the provisions are constitutional.

## II.

■ Plaintiffs' second contention is that assistance under the special needs provisions must be furnished "forthwith" to comply with 45 C.F.R. § 233.120(a)(5) (1978). The district court correctly held that that regulation applies to emergency assistance aid, as provided for by 42 U.S.C. §§ 603(a)(5) & 606(e) (1976), and not to special needs provisions administered as part of an AFDC program. *See generally Quern v. Mandley, supra*, 436 U.S. at 735–36, 98 S.Ct. at 2074–2075.

■ Plaintiffs appear to make certain related contentions. To the extent that they argue that the "reasonable promptness" standard of 42 U.S.C. § 602(a)(10) applies to Illinois' special needs payments, both HEW and IDPA have conceded that this is the case. To the extent that they further contend that "reasonable promptness" necessarily means "forthwith" when applied to special needs payments, we disagree. We

**2.** The provisions here at issue have been superseded by new special needs provisions and a new emergency assistance program which plaintiffs do not challenge in this litigation. We may, nevertheless, proceed to pass on the

legality of the prior provisions. *See Quern v. Mandley*, 436 U.S. 725, 733–34 n.7, 98 S.Ct. 2068, 2073–2074 n.7, 56 L.Ed.2d 658 (1978).

**3.** See 42 U.S.C. §§ 601–603 (1976).

also hold that § 602(a)(10)'s reasonable promptness requirement does not impose rigid time limits applicable to all special needs grants. What is and what is not "reasonable promptness" must be decided on a case by case basis in light of the particular facts with which IDPA is faced; it cannot be decided in a vacuum.[4] To the extent that plaintiffs argue that Illinois has not administered its special needs payments in compliance with the reasonable promptness standard, we find the record to be devoid of evidence on the question. Accordingly, no concrete controversy has here been presented on that issue. Finally, to the extent that plaintiffs ask this Court to remand the case for further hearings, we believe no useful purpose would be served by further inquiry into the legality of IDPA programs no longer in existence.

Plaintiffs' request for attorney's fees is denied. Each party shall bear its own costs.

Affirmed.

---

4. For example, as defendants have noted, a family ordered to be evicted in a week is not in need of aid within the hour. A family presently without shelter, however, may require aid "forthwith." Reasonable promptness is entirely dependent on the circumstances of the case.